

**IT IS ORDERED as set forth below:**

**Date: August 1, 2017**

_____

**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| JOHN H. and CAROLE B. CLAGETT, | : | Case No. 09-67354-pwb |
| Debtors. | : | |
| _____ | : | **Chapter 7** |

### ORDER ON APPLICATION OF ARGOS USA LLC
### FOR DISBURSEMENT OF UNCLAIMED FUNDS OF
### LAFARGE BUILDING MATERIALS, INC.

Because Lafarge Building Materials, Inc. ("Lafarge") did not claim distributions in the amount of $719.20 that the Trustee in this case made on account of its proof of claim, the Trustee paid the funds into the registry of the Court pursuant to 11 U.S.C. § 347(a). Argos USA LLC ("Applicant") has filed an application for disbursement of the unclaimed funds to it.

Section 347(a) provides for the disposition of unclaimed funds paid into the Court's registry under chapter 129 of title 28 of the United States Code. The applicable provisions of

chapter 129 direct the Court to disburse unclaimed funds to the "rightful owners," 28 U.S.C. § 2041, upon "full proof of the right thereto." 28 U.S.C. § 2042. A creditor to whom a distribution in a bankruptcy case is payable retains a property interest in such funds. *See Leider v. United States*, 301 F.3d 1290, 1296 (Fed. Cir. 2002).

Under statutory requirements and due process principles, the Court has the duty to protect the original claimant's property interest by making sure that unclaimed funds are disbursed to their true owner. Because an application for unclaimed funds is typically considered *ex parte,* the Court must insist on exact compliance with legal requirements before authorizing the disbursement of unclaimed funds to an applicant.

The "rightful owner" of unclaimed funds paid into the Court under § 347(a) is the holder of the proof of claim on account of which the trustee made the distribution. Thus, it is Lafarge, as the holder of the proof of claim in this case, not the Applicant, who is entitled to the unclaimed funds.

Applicant asserts that it is the holder of the claim by assignment. In order to obtain unclaimed funds paid on a claim held by assignment, the assignee must become the holder of record of the claim.

As the Court explained in *In re Applications for Unclaimed Funds,* 341 B.R. 65, 72 (Bankr. N.D. Ga. 2005):

> Rule 3001(e) of the Federal Rules of Bankruptcy Procedure prescribes the procedures for an assignee of a proof of claim to establish its status as the lawful holder of the proof of claim and as the entity entitled to distributions with regard thereto. . . .
>
> In the absence of an assignee's compliance with Rule 3001(e), or some other

2

proceeding to establish change of ownership that would provide the original creditor with the substantive equivalent of the Rule's protections, the holder of record of the proof of claim is the original creditor who filed it.  For an applicant as an assignee of the original creditor to receive unclaimed funds originally payable to the original creditor, the assignee must establish its position as the "rightful owner" of the funds as a matter of record in the bankruptcy court.  Ordinarily, it must do so through a procedure that provides the original creditor with the protections of Rule 3001(e), including meaningful notice consistent with due process and an opportunity to be heard if it contends it still owns the claim.

Because Applicant is not the holder of record of the proof of claim to which the unclaimed funds relate and has not otherwise met the standards set forth above, the Court must deny the Application, without prejudice.[1]

**[END OF ORDER]**

**Distribution List**

William Wagner, Vice President
Argos USA, LLC
3015 Windward Plaza
Alpharetta, GA 30005

---

[1] The Court could not grant the Application for another reason.  The "Bill of Sale and Assignment and Assumption Agreement" attached to the Application transfers the "Acquired Ready Mix Assets" but not the "Excluded Assets" of Lafarge.  The bill of sale defines neither term, so the Court in any event cannot determine whether the proof of claim here is an asset that Lafarge transferred.